UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Ferber CONNOR, Defendant-
Appellant.

No. 71-2074.

United States Court of Appeals,
Ninth Circuit.

Oct. 11, 1971.

James G. Butler (argued), James M. Jefferson, Jr., Los Angeles, Cal., for defendant-appellant.

E. Mac Amos, Jr., Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

Richard F. Connor appeals his conviction in a trial by jury of conspiring to smuggle and transport, smuggling, and concealing and facilitating the transportation and concealment of illegally imported marijuana, all in violation of 21 U.S.C. § 176a. We affirm.

On May 12, 1971, appellant and Gilbert Miller were observed by border agents at Calexico, California, as two Mexicans handed Miller the key to a 1959 Pontiac, which was parked approximately ten feet from the Mexican border. Miller proceeded to drive the Pontiac toward San Diego. En route, he was overtaken by appellant in his Volkswagen. Both cars stopped at a rest area, where Customs officials observed both men visually inspect the interior of the Pontiac's trunk. After leaving the rest area separately, the Pontiac was stopped, 320 pounds of marijuana was found in the trunk, and Miller was arrested. After the marijuana was discovered, appellant was also stopped and arrested. Marijuana debris was found in his shirt and pants pockets.

Appellant now renews his contention, first made to the District Court, that there was no probable cause to arrest Miller, that therefore the resulting search of the car and seizure of the marijuana was unconstitutional, and the marijuana was inadmissible as evidence against him.

Appellant does not have standing to object to the search of the Pontiac and the seizure of the marijuana. He has

---

* The Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

never contended that he had any proprietary or possessory interest in either the Pontiac or the marijuana. He was not on the "premises" which were searched. Miller was alone in the car. Nor does appellant's conviction flow from possession of the seized marijuana. He was charged with conspiracy to smuggle and transport not possession of marijuana. We have held that a defendant " * * * who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else," may not challenge the constitutional validity of that search and seizure. Diaz-Rosendo v. United States, 357 F.2d 124, 132 (9th Cir. 1966). *Accord,* United States v. Conrad, 448 F.2d 271 (9th Cir. 1971). Appellant is not a "person aggrieved by an unlawful search and seizure" within the scope of Fed.R.Crim.P. 41(e). *See* Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

The evidence adduced at trial was sufficient to support conviction on all counts.

Affirmed.